**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12839

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RAMON FUERTES,
a.k.a. Raymond Cortez,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80208-MD-1

_____

Before ABUDU, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Ramon Fuertes, a convicted sex offender, is required to register under the Sex Offender Registration and Notification Act

("SORNA") when certain events occur. A jury convicted Fuertes on four counts of failing to register as required, and the District Court sentenced him to 60 months' imprisonment. Fuertes appeals his conviction on multiple grounds. First, he argues that SORNA is unconstitutional under the non-delegation doctrine, First Amendment, and Fourteenth Amendment. Second, he argues that the District Court abused its discretion by admitting evidence of uncharged conduct that unfairly prejudiced him. Third, he argues that the District Court abused its discretion by denying two motions for mistrial based on certain statements made during trial. Finding none of Fuertes's arguments persuasive, we affirm.

## I.

In 2010, Fuertes was sentenced for a federal sex offense conviction. At sentencing, the court notified Fuertes of his responsibility to comply with the requirements of SORNA. Based on his underlying offense, Fuertes was required to register as a sex offender in Florida and comply with Florida's sex offender registry requirements. Florida law required Fuertes to register in person every six months; report, within 48 hours, after using any electronic mail address or internet identifier; report, in person and within 48 hours, upon establishing a permanent, temporary, or transient residence in any state other than Florida—and that failure to register after crossing state lines may be a violation of federal and state law.

In May, 2023, the Palm Beach County Sheriff's Office ("PBSO") discovered that Fuertes had an undisclosed email address that he had created four months earlier. On May 30, after repeated

attempts to inform Fuertes of his responsibility to register the undisclosed email address, PBSO informed Fuertes that felony charges would be filed for noncompliance.

A few days later, Fuertes booked a one-way flight to Atlanta, Georgia. Cell phone data shows that Fuertes never returned to Florida after boarding that flight. Fuertes never informed PBSO that he intended to spend any time in Georgia, permanently or otherwise. Three days after arriving in Georgia, Fuertes left a voicemail with PBSO stating that he was away for a family emergency, but he did not state his location. Eight days later, Fuertes left another voicemail stating that he was thinking about staying in Atlanta. A detective from PBSO informed Fuertes that he was required to register with the local sheriff's office in Georgia if he did not intend to return to Florida immediately.

Fuertes never registered in Georgia. By mid-July, a detective informed Fuertes that if he did not return to Florida, a warrant would be issued for his arrest. On October 24, U.S. Marshalls arrested Fuertes at a residence in Tucker, Georgia.

After his arrest, a search of Fuertes's phone revealed a Facebook profile he created on May 24, 2023, and an additional email address he created on May 22, 2023—neither of which were reported as required.

Fuertes was charged under SORNA with four counts of "Failure of a Sex Offender to Properly Register." One count was for failing to register and update his registration after terminating his residence in the Southern District of Florida and commencing

residence in another jurisdiction, in violation of 18 U.S.C. § 2250(a). And the three other counts were for failing to register an electronic email address and remote communication identifier information—one count each for both email addresses and his Facebook profile.

A jury convicted Fuertes on all four counts, and the District Court sentenced him to 60 months' imprisonment.

Fuertes raises three issues on appeal.[1] First, he challenges SORNA on constitutional grounds. Next, he argues that the District Court abused its discretion by admitting three instances of uncharged conduct that unfairly prejudiced him. Finally, Fuertes argues that the District Court abused its discretion by denying two motions for mistrial. We address each issue in turn.

## II.

Fuertes challenges the constitutionality of SORNA on several constitutional grounds. He argues that SORNA violates the non-delegation doctrine, the Fourteenth Amendment because the statute lacks a mens rea element, and the First Amendment by unduly burdening his free speech rights.

In his opening brief, Fuertes "re-argues and incorporates by reference" the points contained in his motion to dismiss at the District Court where he argued that the case should be dismissed based on constitutional grounds, without elaborating on them

---

[1] In his opening brief, Fuertes raised a fourth issue regarding the District Court's application of two sentencing enhancements. However, Fuertes conceded the issue in his reply brief, so we need not address it here.

further. When a party merely rests on arguments raised before the district court, without specifying which arguments have merit or explaining how the district court erred, it is insufficient to make an argument on appeal. *United States v. Moran*, 778 F.3d 942, 985 (11th Cir. 2015). Therefore, we need not address Fuerte's constitutional challenge to SORNA.

## III.

Next, Fuertes challenges the introduction of evidence pertaining to three instances of uncharged conduct: (1) his prior Florida convictions for failure to register as a sex offender; (2) a false lease and other evidence of squatting in the Georgia home; and (3) evidence of laying traps meant to impede law enforcement and resisting arrest.

We review the district court's evidentiary rulings for clear abuse of discretion. *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006). When applying the abuse of discretion standard, "we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." United *States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004).

### A.

First, we address the District Court's admission of Fuertes's prior state convictions for failing to register as a sex offender. Two of the prior convictions arise from the same judgment where Fuertes was convicted of: (1) failure to register his address with the driver's license office and (2) failure to properly register as required

every six months as a sex offender. The third prior conviction reflects another judgment for failure to register his address with the driver's license office. The Court admitted the prior convictions under Federal Rule of Evidence 404(b) as prior bad acts evidencing knowledge and intent and found that their probative value was not substantially outweighed by their unfair prejudice.

Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be admissible for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In order for evidence to be admissible under Rule 404(b), "(1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (citations omitted).

Fuertes argues that the prior convictions were not relevant for a permissible purpose and their unfair prejudice substantially outweighed any probative value.

We agree with the District Court that the prior convictions were relevant under Rule 404(b). In order to convict under 18

U.S.C. § 2250(a), the jury must find that Fuertes: (1) was required to register under SORNA, (2) was a sex offender, and (3) knowingly failed to register or update a registration as required by SORNA. Since Fuertes stipulated to the first two elements, and the government could easily prove that he did not register as required by SORNA because they had access to the sex offender registry, essentially the only fact at issue is whether Fuertes violated the statute "knowingly." By pleading "not-guilty," Fuertes placed his knowledge at issue. His prior convictions for a largely similar offense made it more likely that Fuertes knew of the requirements.

As to the third prong of the 404(b) analysis, the District Court correctly found that the prior convictions' probative value was not substantially outweighed by their risk of unfair prejudice. As stated previously, Fuertes's prior convictions were highly probative of proving the "knowingly" element of § 2250(a). The Court and parties took steps to mitigate the possibility of undue prejudice such as offering the evidence through a single witness and instructing the jury that it could only consider the prior convictions for non-propensity purposes. *See Edouard*, 185 F.3d at 1346 (finding that limiting instructions from the district court help mitigate unfair prejudice from Rule 404(b) evidence).

Fuertes argues that his defense at trial focused more on the affirmative defense that uncontrollable circumstances prevented him from complying with the registration requirements, as opposed to directly refuting the elements of § 2250(a). Therefore, he argues, the probative value of the prior convictions was lower than

it would be otherwise, causing the unfair prejudice to substantially outweigh the probative value. We disagree. Even if Fuertes was making an affirmative defense, the prosecution was still required to prove all the elements of the crime—which required that it prove Fuertes's knowledge. Therefore, we cannot find that the probative value was outweighed by unfair prejudice.

Fuertes also cites *United States v. Beechum* as evidence that where extrinsic evidence more closely resembles the charged offense, the unfair prejudice to the defendant is greater. 582 F.2d 898, 915, n.20 (5th Cir. 1978) (en banc).[2] Fuertes argues that where, as here, the state law offense and the federal law offense are largely identical, admission of prior convictions under the state law is highly prejudicial. However, the *Beechum* Court also states that the probative value of the extrinsic offense correlates positively with the likeness to the offense charged. *Id.* at 915. The Court further elaborates, that "[w]hether the extrinsic offense is sufficiently similar in its physical elements so that its probative value is not substantially outweighed by its undue prejudice is a matter within the sound discretion of the trial judge." *Id.* We find that the District Court did not abuse its discretion here.

---

[2] This court adopted all decisions of the United States Court of Appeals for the Fifth Circuit prior to close of business on September 30, 1981, as binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

*B.*

The District Court admitted as intrinsic to the charged offense evidence that Fuertes created a fake rental agreement and was squatting at the property where he was ultimately arrested. The Court ruled that this evidence was inextricably intertwined with he charged offense. Fuertes argues that the evidence's unfairly prejudicial effect substantially outweighs the probative value and therefore should have been excluded.[3]

Rule 404's restriction on evidence of crimes, wrongs, or acts does not apply to evidence that is intrinsic to the charged crime. *United States v. Cenephat*, 115 F.4th 1359, 1365 (11th Cir. 2024). Evidence is intrinsic if it "arose out of the same transaction or series of transactions as the charged offense, is necessary to complete the story of the crime, or is inextricably intertwined with the evidence regarding the charged offense." *Id.* (citations omitted). As with Rule 404 evidence, the district court must also find for intrinsic evidence that the probative value of the proffered evidence is not

---

[3] Fuertes mentions in passing in his brief that the lease and squatting were not inextricably intertwined with the charged offenses, and therefore that the evidence should not have been introduced as intrinsic. However, he does not develop his argument any further, and it is therefore abandoned. *See United States v. Jernigan,* 341 F.3d 1273, 1283, n.8 (11th Cir. 2003) (holding that appellants must, "[a]t the very least, . . . devote a discrete, substantial portion of his argumentation" to the issue they wish to appeal, otherwise the issue is abandoned.).

substantially outweighed by unfair prejudice. *United States v. Ford*, 784 F.3d 1386, 1393 (11th Cir. 2015).

Fuertes argues that the evidence is unfairly prejudicial because it portrays Fuertes in a bad light and suggests other criminality. Fuertes fails to show what makes this evidence specifically more unfairly prejudicial than any other piece of evidence the government might have introduced to prove Fuertes's guilt. The evidence is highly probative because it shows that Fuertes knew the government would issue a warrant for his arrest and thus needed to conceal his identity. Furthermore, it showed Fuertes's intent to remain in Georgia, something that was necessary for the government to demonstrate in order to prove its case. Finally, the District Court instructed the jury not to consider the evidence for an improper purpose.

Thus, we find that the District Court did not abuse its discretion when it admitted evidence of the false lease and squatting as intrinsic evidence.

## C.

Finally, Fuertes appeals the District Court's admission as intrinsic to the charged offense evidence that he resisted arrest and laid a trap for law enforcement upon his arrest. The government introduced evidence that Fuertes was inside the house he was allegedly squatting in for an hour and a half before complying with the police's instruction to exit the house. After Fuertes exited, the police conducted a protective sweep of the area and found soap, water, and knives scattered along the front entryway—which the

government argued was an attempt by Fuertes to impede law en-
forcement.

As with the fake rental agreement, Fuertes does not argue
that the evidence of resisting arrest was improperly admitted as in-
trinsic. Rather, he argues that its admission was unfairly prejudicial
because it tended to portray him as dangerous and that any proba-
tive value is marginal.

We find that the District Court did not abuse its discretion
when admitting this evidence. The evidence of him spreading
soapy water and knives by his front door was probative of his guilty
conscious. Like with the other evidence, the Court gave limiting
instructions to the jury, thereby limiting its unfairly prejudicial ef-
fect. The District Court applied the correct legal standard and did
not make a clear error in judgment by determining that its proba-
tive value was not substantially outweighed by its unfairly prejudi-
cial effect.

⋆        ⋆        ⋆

Therefore, as to the admission of evidence regarding the
three categories of uncharged conduct that Fuertes challenges, we
find that the District Court did not abuse its discretion.

## IV.

Finally, Fuertes argues that the District Court erred by deny-
ing two motions for mistrial.

The first motion concerns a remark made by Detective
Terry Wise who testified that he "was concerned [Fuertes] was

going to hurt the young lady," referring to Fuertes's girlfriend. Fuertes argues that this comment was highly prejudicial because the stigma of violence associated with sex offenders is firmly rooted. This statement prompted Fuertes to move for a mistrial, which the Court denied. However, the Court did order the jury to disregard the witness's statement.

The second motion concerns a remark made by the government while cross examining Fuertes on the fifth day of trial. In reference to the two email accounts at issue, the government attorney made the statement, "There's a lot of Ramon Fuertes information flying around," to which Fuertes asked, "Is there?" The government responded, "A lot that was never reported, when it should have been." Fuertes objected, and the Court sustained the objection, ordering the jury to disregard the government's statement. Fuertes then moved for a mistrial, arguing that suggesting there was additional evidence of Fuertes's misconduct beyond what was being presented to the jury was unfairly prejudicial. The Court denied the motion, finding that the level of prejudice did not warrant a mistrial.

We review the District Court's denial of motions for mistrial for an abuse of discretion. *United States v. Valois*, 915 F.3d 717, 723 n.2 (11th Cir. 2019).

A mistrial should be granted if the "defendant's substantial rights are prejudicially affected." *United States v. Newsome*, 475 F.3d 1221, 1227 (11th Cir. 2007). That is, if there is "a reasonable probability that, but for the remarks, the outcome of the trial would have

been different." *Id*. (citations omitted). Furthermore, when the district court gives a curative instruction, the reviewing court will reverse "only if the evidence is so highly prejudicial as to be incurable by the trial court's admonition." *Id*. (quoting *United States v. Delgado*, 321 F.3d 1338, 1347 (11th Cir. 2003)). Finally, if the record contains sufficient independent evidence of guilt, the error is harmless and therefore does not warrant reversal. *Id*. (citing *United States v. Adams*, 74 F.3d 1093, 1097–98 (11th Cir.1996)).

We find no abuse of discretion in the Court's denial of either of Fuertes's motions for mistrial. In both instances, the Court instructed the jury to disregard the prejudicial statements and determined that the statements were not so prejudicial as to warrant a mistrial. And, as the District Court noted below, the jury had already heard prejudicial evidence, so the statements' unfairly prejudicial effect was lessened. These were two minor statements made over the course of a six-day trial. The marginal prejudicial effect was not so high as to make them incurable by the trial court's admonition.

## V.

In summary, we find that Fuertes did not properly preserve his challenge to the constitutionality of SORNA. Furthermore, we find that the District Court did not abuse its discretion by admitting the three challenged instances of uncharged conduct or by denying either of Fuertes's motions for mistrial. Accordingly, Fuertes's conviction is affirmed.

**AFFIRMED.**